# UNITED STATES COURT OF INTERNATIONAL TRADE
## BEFORE THE HONORABLE JANE A. RESTANI

|  |  |
|---|---|
| KAPTAN DEMIR CELIK ENDUSTRISI VE TICARET A.S., ÇOLAKOĞLU METALUJI A.S. AND ÇOLAKOĞLU DIS TICARET A.S., <br><br>*Plaintiffs*, <br><br>and <br><br>ICDAS CELIK ENERJI TERSANE VE ULASIM SANAYI, A.S., <br><br>*Plaintiff-Intervenor*, <br><br>v. <br><br>THE UNITED STATES, <br><br>*Defendant*, <br><br>and <br><br>REBAR TRADE ACTION COALITION, <br><br>*Defendant-Intervenor.* | Court No. 23-00059 |

## ORDER

Upon consideration of the motion of Plaintiff-Intervenor Icdas Celik Enerji Tersane ve Ulasim Sanayi, A.S. for judgment upon the agency record pursuant to USCIT Rule 56.2, and upon consideration of all other papers and proceedings herein, it is hereby

**ORDERED** that the motion of Plaintiff-Intervenor is granted; and it is further

**ORDERED** that, on remand, the U.S. Department of Commerce is instructed to reconsider the rate applied to Icdas Celik Enerji Tersane ve Ulasim Sanayi, A.S. based on any changes to the margin calculated for mandatory respondents.

AFDOCS:198834606.2

**SO ORDERED**.

                                                                                                             Jane A. Restani, Judge

Date: _____, 2024
       New York, New York

# UNITED STATES COURT OF INTERNATIONAL TRADE
# BEFORE THE HONORABLE JANE A. RESTANI

| | |
|---|---|
| KAPTAN DEMIR CELIK ENDUSTRISI VE TICARET A.S., ÇOLAKOĞLU METALUJI A.S. AND ÇOLAKOĞLU DIS TICARET A.S., | ) ) ) ) ) |
| *Plaintiffs*, | ) ) |
| and | ) ) |
| ICDAS CELIK ENERJI TERSANE VE ULASIM SANAYI, A.S., | ) ) ) ) ) |
| *Plaintiff-Intervenor*, | ) ) ) |
| v. | ) ) |
| THE UNITED STATES, | ) ) ) |
| *Defendant*, | ) ) |
| and | ) ) |
| REBAR TRADE ACTION COALITION, | ) ) ) |
| *Defendant-Intervenor.* | ) ) |

Court No. 23-00059

### PLAINTIFF-INTERVENOR ICDAS CELIK ENERJI TERSANE VE ULASIM SANAYI, A.S.'S MOTION FOR JUDGMENT ON THE AGENCY RECORD PURSUANT TO RULE 56.2

To the extent that Commerce recalculates Kaptan Demir Celik Endustrisi ve Ticaret A.S.'s ("Kaptan"), Çolakoğlu Metalurji A.S.'s and Çolakoğlu dis Ticaret's ("Çolakoğlu") rates as a result of this litigation, it must redetermine the "all-others" rate applied to Icdas Celik Enerji Tersane ve Ulasim Sanayi A.S. ("Icdas") in accordance with the statute. *Borusan Mannesmann Boru Sanayi ve Ticaret A.S. v. United States*, Consol. Court No. 19-00056, 2020 WL 2613345, at *5 (Ct. Int'l Trade May 22, 2020) ("Pursuant to 19 U.S.C. § 1673d(c)(5)(A), Commerce may set the all-others rate when a 'mandatory respondent{'s} rate{} change{s} in the course of judicial

1

review'") (quoting *U.S. Steel Corp. v. United States*, 348 F. Supp. 3d 1248, 1254 (Ct. Int'l Trade 2018)); *Linyi Chengen Imp. & Exp. Co. v. United States*, 391 F. Supp. 3d 1283, 1297 (Ct. Int'l Trade 2019) ("Because the court remands the *Final Determination* with respect to Commerce's calculation of {respondent's} rate, as stated above, the court grants the Separate Rate Respondents' Rule 56.2 motions for judgment on the agency record . . . {and} Commerce is instructed on remand to reconsider the rate applied to the Separate Rate Respondents based on any changes to {respondent's} margin on remand."); *see also* 19 U.S.C. § 1671d(c)(5)(A)(i) ("{T}he all-others rate shall be an amount equal to the weighted average countervailable subsidy rates established for exporters and producers individually investigated, excluding any zero and de minimis countervailable subsidy rates," or margins based entirely on facts available). Icdas incorporates by reference the arguments made by Kaptan and Çolakoğlu, to the extent those arguments impact the all-others' rate.  Icdas reserves the right to comment further on the all-others' rate if the rates for the mandatory respondent or the all-others' rate are recalculated on remand based on this litigation.

                                              Respectfully submitted,

                                              **/s/ Leah N. Scarpelli**
Leah N. Scarpelli
Jessica R. DiPietro
Matthew M. Nolan

ArentFox Schiff LLP
1717 K Street, NW
Washington, DC  20006
Tel: (202) 715-8403

*Counsel for Icdas Celik Enerji Tersane ve Ulasim Sanayi A.S.*

September 18, 2023

# UNITED STATES COURT OF INTERNATIONAL TRADE
## BEFORE THE HONORABLE JANE A. RESTANI

| | |
|---|---|
| KAPTAN DEMIR CELIK ENDUSTRISI VE TICARET A.S., ÇOLAKOĞLU METALUJI A.S. AND ÇOLAKOĞLU DIS TICARET A.S., *Plaintiffs*, and ICDAS CELIK ENERJI TERSANE VE ULASIM SANAYI, A.S., *Plaintiff-Intervenor*, v. THE UNITED STATES, *Defendant*, and REBAR TRADE ACTION COALITION, *Defendant-Intervenor.* | Court No. 23-00059 |

**PLAINTIFF-INTERVENOR ICDAS CELIK ENERJI TERSANE VE ULASIM SANAYI, A.S.'S MEMORANDUM OF LAW IN SUPPORT OF MOTION FOR JUDGMENT ON THE AGENCY RECORD PURSUANT TO RULE 56.2**

Leah N. Scarpelli
Jessica R. DiPietro
Matthew M. Nolan
ArentFox Schiff LLP
1717 K Street, NW
Washington, DC  20006
Tel: (202) 857-6013
*Counsel for Icdas Celik Enerji Tersane ve Ulasim Sanayi A.S.*

September 18, 2023

AFDOCS:198834606.2

## Table of Contents

I. RULE 56.2 STATEMENT ................................................................................................ 1
II. ISSUE PRESENTED .................................................................................................... 2
III. FACTS .......................................................................................................................... 2
IV. STANDARD OF REVIEW ............................................................................................ 3
V. ARGUMENT ................................................................................................................. 3
VI. CONCLUSION .............................................................................................................. 4

# TABLE OF AUTHORITIES

Page(s)

**Federal Cases**

*Borusan Mannesmann Boru Sanayi ve Ticaret A.S. v. United States*,
   Consol. Court No. 19-00056, 2020 WL 2613345 (Ct. Int'l Trade May 22,
   2020) ...........................................................................................................................3

*Linyi Chengen Imp. & Exp. Co. v. United States*,
   391 F. Supp. 3d 1283 (Ct. Int'l Trade 2019) ..............................................................3

*U.S. Steel Corp. v. United States*,
   348 F. Supp. 3d 1248 (Ct. Int'l Trade 2018) ..............................................................3

**Federal Statutes**

19 U.S.C. § 1516a(b)(1)(B)(i) ................................................................................................3

19 U.S.C. § 1673d(c)(5)(A) ...................................................................................................3

19 U.S.C. § 1671d(c)(5)(A)(i) ...............................................................................................4

**Administrative Determinations**

*Steel Concrete Reinforcing Bar From the Republic of Turkey*,
   88 Fed. Reg. 7941 (Dep't Commerce Feb. 7, 2023) (final AD results &
   determ. of no shipments; 2020-2021), and accompanying Issues and Decision
   Memorandum .........................................................................................................2, 3

UNITED STATES COURT OF INTERNATIONAL TRADE
BEFORE THE HONORABLE JANE A. RESTANI

| | |
|---|---|
| KAPTAN DEMIR CELIK ENDUSTRISI VE TICARET A.S., ÇOLAKOĞLU METALUJI A.S. AND ÇOLAKOĞLU DIS TICARET A.S., <br><br>*Plaintiffs*, <br><br>and <br><br>ICDAS CELIK ENERJI TERSANE VE ULASIM SANAYI, A.S., <br><br>*Plaintiff-Intervenor*, <br><br>v. <br><br>THE UNITED STATES, <br><br>*Defendant*, <br><br>and <br><br>REBAR TRADE ACTION COALITION, <br><br>*Defendant-Intervenor.* | Court No. 23-00059 |

**PLAINTIFF-INTERVENOR ICDAS CELIK ENERJI TERSANE VE ULASIM SANAYI, A.S.'S MEMORANDUM OF LAW IN SUPPORT OF MOTION FOR JUDGMENT ON THE AGENCY RECORD PURSUANT TO RULE 56.2**

## I. RULE 56.2 STATEMENT

Pursuant to Rule 56.2 of the Rules of the United States Court of International Trade, Plaintiff-Intervenor Icdas Celik Enerji Tersane ve Ulasim Sanayi A.S. ("Icdas"), a foreign manufacturer and foreign exporter of steel concrete reinforcing bar ("rebar") from Turkey, hereby submits this memorandum of points and authorities in support of its motion for judgment on the agency record and challenges the final affirmative determination as set forth below.

1

This is an appeal from the final results in the 2020-2021 administrative review of the antidumping duty order on *Steel Concrete Reinforcing Bar From the Republic of Turkey*. The U.S. Department of Commerce's ("Commerce") final results were published in the *Federal Register* on February 7, 2023. *Steel Concrete Reinforcing Bar From the Republic of Turkey*, 88 Fed. Reg. 7941 (Dep't Commerce Feb. 7, 2023) (final AD results & determ. of no shipments; 2020-2021) ("*Final AD Results*"), P.R. 219, ECF 27-4. Commerce's factual and legal conclusions underlying the *Final AD Results* are set forth in its Issues and Decision Memorandum. Memorandum from J. Maeder to L. Wang, re: Issues and Decision Memorandum for the Final Results of the Antidumping Duty Administrative Review Antidumping duty Order on Steel Concrete Reinforcing Bar from Turkey (February 1, 2023) ("*Final IDM*"), P.R. 203, ECF 27-5.

## II.   ISSUE PRESENTED

1. Whether the Department of Commerce Should Recalculate Icdas's Assigned Dumping Margin If Kaptan's and/or Colakoglu's Rate Changes Pursuant to Litigation.

To the extent that Commerce recalculates the rates assigned to Kaptan Demir Celik Endustrisi ve Ticaret A.S. ("Kaptan") and/or Colakoglu Metalurji A.S. & Colakoglu Dis Ticaret A.S. ("Colakoglu") as a result of this litigation, it must redetermine the antidumping duty rate for Icdas in accordance with the statute.

## III.   FACTS

Icdas is a foreign producer of steel concrete reinforcing bar from the Republic of Turkey and filed a request for an administrative review on July 30, 2021. *See* Letter from Arent Fox LLP to U.S. Dep't of Commerce, re: Icdas's Request for Antidumping Administrative Review (July 30, 2021), P.R. 2. On September 29, 2021, Commerce designated both Kaptan and Çolakoğlu as mandatory respondents. Memorandum from R. Copyak to M. Skinner, re:

Respondent Selection Memorandum for Administrative Review of the Antidumping Duty Order on Steel Concrete Reinforcing Bar from the Republic of Turkey; 2020-2021 (Sept. 29, 2021), C.R. 3, P.R. 22.  On February 1, 2023, Commerce issued its *Final AD Results* in which Icdas received a 3.76% all others rate.  Kaptan received a 5.51% rate and Colakoglu was subject to a 1.13% rate.  *Final AD Results*, 88 Fed. Reg. at 7942, P.R. 219, ECF 27-4.

IV.     **STANDARD OF REVIEW**

This Court "shall hold unlawful any determination, finding or conclusion found . . . to be unsupported by evidence on the record, or otherwise not in accordance with law."  19 U.S.C. § 1516a(b)(1)(B)(i).

V.      **ARGUMENT**

Icdas hereby adopts and incorporates by reference the arguments related to date of sale as filed by Plaintiffs Kaptan and Colakoglu, to the extent they challenge or impact the determination of the all-others' rate.

To the extent that Commerce recalculates Kaptan's and Colakoglu's rates as a result of this litigation, it must redetermine the "all-others" rate applied to Icdas in accordance with the statute.  *Borusan Mannesmann Boru Sanayi ve Ticaret A.S. v. United States*, Consol. Court No. 19-00056, 2020 WL 2613345, *5 (Ct. Int'l Trade May 22, 2020) ("Pursuant to 19 U.S.C. § 1673d(c)(5)(A), Commerce may set the all-others rate when a 'mandatory respondent{'s} rate{} change{s} in the course of judicial review'") (quoting *U.S. Steel Corp. v. United States*, 348 F. Supp. 3d 1248, 1254 (Ct. Int'l Trade 2018)); *Linyi Chengen Imp. & Exp. Co. v. United States*, 391 F. Supp. 3d 1283, 1297 (Ct. Int'l Trade 2019) ("Because the court remands the *Final Determination* with respect to Commerce's calculation of {respondent's} rate, as stated above, the court grants the Separate Rate Respondents' Rule 56.2 motions for judgment on the agency

3

record . . . {and} Commerce is instructed on remand to reconsider the rate applied to the Separate Rate Respondents based on any changes to {respondent's} margin on remand."); *see also* 19 U.S.C. § 1671d(c)(5)(A)(i) ("{T}he all-others rate shall be an amount equal to the weighted average countervailable subsidy rates established for exporters and producers individually investigated, excluding any zero and de minimis countervailable subsidy rates," or margins based entirely on facts available). Icdas incorporates by reference the arguments made by Kaptan and Colakoglu, to the extent those arguments impact the all-others' rate. Icdas reserves the right to comment further on the all-others' rate if the rates for the mandatory respondent or the all-others' rate are recalculated on remand based on this litigation.

## VI. CONCLUSION

For the foregoing reasons, Icdas respectfully requests that the Court grant this Motion for Judgment on the Agency Record, to the extent that the rates for the mandatory respondents change as a result of this litigation.

Respectfully submitted,

**/s/ Leah N. Scarpelli**
Leah N. Scarpelli
Jessica R. DiPietro
Matthew M. Nolan
ArentFox Schiff LLP
1717 K Street, NW
Washington, DC  20006
Tel: (202) 715-8403

*Counsel for Counsel for Icdas Celik Enerji Tersane ve Ulasim Sanayi A.S.*

September 18, 2023

4

## CERTIFICATE OF COMPLIANCE

Pursuant to the Court's Standard Chamber Procedure 2(b)(1), the undersigned certifies that Plaintiff-Intervenor's Brief in Support for Its 56.2 Motion for Judgment on the Agency Record filed on September 18, 2023 complies with the word limitation requirement. The word count for Icdas's Brief, as computed by ArentFox Schiff LLP's word processing system is 811.

/s/ **Jessica R. DiPietro**
Jessica R. DiPietro

*Counsel for Counsel for Icdas Celik Enerji Tersane ve Ulasim Sanayi A.S.*

1